1  JOSHUA A. SLIKER, ESQ.
   Nevada Bar No. 12493
2  CAYLA A. WITTY, ESQ.
   Nevada Bar No. 12897
3  **JACKSON LEWIS P.C.**
   300 S. Fourth Street, Ste. 900
4  Las Vegas, Nevada 89101
   Telephone: (702) 921-2460
5  E-Mail: joshua.sliker@jacksonlewis.com
6  E-Mail: cayla.witty@jacksonlewis.com

7  *Attorneys for Plaintiffs*
   *Cross Country Staffing, Inc., and*
8  *New Mediscan II, LLC*

9
                 **UNITED STATES DISTRICT COURT**
10
                     **DISTRICT OF NEVADA**
11

12  CROSS COUNTRY STAFFING, INC., a        Case No.: 2:24-cv-00699-JCM-DJA
    Delaware corporation; NEW MEDISCAN II,
13  LLC d/b/a Cross Country Education, a California   **STIPULATION AND ORDER**
    limited liability company,             **REGARDING:**
14
                        Plaintiffs,        **(1) PLAINTIFF'S MOTION FOR**
15  v.                                     **TEMPORARY RESTRAINING**
                                           **ORDER (ECF NO. 5)**
16  KENNYSHUA DANIELS, an individual,
                                           **(2) PLAINTIFF'S MOTION FOR**
17                      Defendant.         **PRELIMINARY INJUNCTION**
                                           **(ECF NO. 6)**
18
                                           **(3) PLAINTIFF'S MOTION TO**
19                                         **CONDUCT EARLY, EXPEDITED**
                                           **DISCOVERY (ECF NO. 9)**
20
                                           **(4) PLAINTIFF'S MOTIONS TO**
21                                         **ESTABLISH EXPEDITED**
                                           **BRIEFING SCHEDULE AND**
22                                         **DECISION (ECF NOS. 7 and 10)**

23
24         Plaintiffs CROSS COUNTRY STAFFING, INC. ("CCS") and NEW MEDISCAN II, LLC

25  d/b/a Cross Country Education ("Mediscan") (collectively, "Plaintiffs"), by and through their

26  undersigned counsel, the law firm of Jackson Lewis P.C., and Defendant Kennyshua Daniels

27  ("Daniels"), by and through her counsel, the law firm of Jesse Sbaih & Associates Ltd., hereby

28  stipulate and agree as follows:

JACKSON LEWIS P.C.
    LAS VEGAS

**A. <u>Background</u>**

1.      On April 10, 2024, Plaintiffs filed a Complaint and Request for Injunctive Relief (ECF No. 1) alleging claims for: (i) trade secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. § 1831 et seq.; (ii) trade secret misappropriation under the Nevada Uniform Trade Secrets Act, NRS § 600A.010 et seq.; and (iii) breach of contract, against Defendant Daniels.

2.      Defendant was personally served with the Summons and Complaint on April 12, 2024. ECF No. 12.

3.      On April 17, 2024, Plaintiffs filed a Motion for Temporary Restraining Order (ECF No. 5), Motion for Preliminary Injunction (ECF No. 6), and Motion to Expedite Briefing and Decision of both motions (ECF No. 7).

4.      Additionally, on April 17, 2024, Plaintiffs filed a Motion to Conduct Early, Expedited Discovery in support of their Motion for Preliminary Injunction (ECF No. 9), and Motion to Establish Expedited Briefing Schedule and Decision of the Motion (ECF No. 10).

5.      Plaintiffs served Defendant with copies of ECF Nos. 5, 6, 7, 9 and 10 via email on April 17, 2024.

6.      Subsequently, the Court issued an order on April 19, 2024, directing that Defendant would have until April 26, 2024, to file a response to ECF Nos. 5, 6, and 9, and for Plaintiffs to file a reply by May 1, 2024. ECF No. 11.

7.      Plaintiffs personally served Defendant with the Court's Order (ECF No. 11) on April 20, 2024. ECF No. 13.

8.      The Parties are currently engaged in discussions to resolve this case expeditiously. In furtherance of those efforts, Defendant has agreed to a stipulated temporary restraining order, to allow Plaintiffs to conduct certain discovery, and to establish a briefing schedule for Defendant's responses to Plaintiff's Motion for Preliminary Injunction (ECF No. 6). The Parties are optimistic that the stipulations and agreements herein will aid them in their settlement efforts.

**B. <u>Plaintiffs' Motion for Temporary Restraining Order (ECF No. 5)</u>**

10.      Defendant Daniels agrees that the Employment Agreement, attached to the Complaint as Exhibit 1 (ECF No. 1-1) and to Plaintiffs' Motion for Temporary Restraining Order

as Exhibit 1 (ECF No. 5-4), is valid and enforceable against her.

11.     Defendant does not oppose Plaintiffs' Motion for a Temporary Restraining Order (ECF No. 5) and consents to the entry of a Temporary Restraining Order on the following terms and conditions:

      a.  Defendant Kennyshua Daniels, and those persons set forth in FRCP 65(d)(2), are ENJOINED from directly or indirectly, whether on her own behalf or on behalf of any other person or entity, misappropriating, copying, transferring, using, disclosing, or attempting to do any of the foregoing, any confidential, proprietary, or trade secret information of: (i) Cross Country Staffing, Inc., New Mediscan II, LLC, or their respective parents, subsidiaries, divisions, or affiliates (collectively, "Cross Country"); or  (ii) any third-party which entrusted such information to any of the foregoing. For the avoidance of doubt, this prohibition includes, but is not limited to, the information and materials set forth in ECF Nos. 5-13 and 5-23 which are partially redacted, and which unredacted version have been filed under seal as ECF Nos. 8-2 and 8-22.

      b.  Defendant Kennyshua Daniels, and those persons set forth in FRCP 65(d)(2), are ENJOINED from directly or indirectly, whether on her own behalf or on behalf of any other person or entity, contacting, soliciting, inducing, persuading, enticing, diverting, or otherwise interfering with, or attempting to do any of the foregoing, Cross Country's relationships with its current or prospective candidates, clients, vendors, and suppliers, including, but not limited to, those candidates, clients, vendors, and suppliers identified in ECF Nos. 5-13 and 5-23 which are partially redacted, and which unredacted version have been filed under seal as ECF Nos. 8-2 and 8-22.

      c.  Defendant Kennyshua Daniels, and those persons set forth in FRCP 65(d)(2), are ENJOINED from directly or indirectly, whether on her own behalf or on behalf of any other person or entity, soliciting, seeking to employ, inducing, persuading, enticing, or attempting to do any of the foregoing, any person

employed by Cross Country at any time on or after April 3, 2023.

d.  Defendant Kennyshua Daniels is ENJOINED from directly or indirectly, whether on her own behalf or on behalf of any other person or entity, competing with Cross Country, whether as an owner, officer, operator, employee, consultant, independent contractor, advisor, agent, or otherwise, by providing services to or on behalf of any person or entity that includes the sourcing, recruitment, vetting, or placement of, or offering to place, persons (job candidates) in any employment, job, assignment, or position in the education or healthcare industries. For the avoidance of doubt this prohibition includes, but is not limited to, Defendant Daniels' employment with National Recruiting Consultants and Invo Healthcare.

e.  Defendant Kennyshua Daniels is ORDERED to provide a declaration pursuant to 28 U.S.C. § 1746, to the undersigned attorneys for Cross Country, within three (3) days of the Court's issuance of the Temporary Restraining Order, setting forth an inventory that identifies each device (by type, brand, model, serial number, date acquired, and current location) and account (e.g., email account, cloud-based storage) that she has used, at any time on or after January 3, 2022, to: (i) perform work for or on behalf of Cross Country, National Recruiting Consultants, Invo Healthcare, or any other staffing or recruitment business; (ii) send, receive, copy, transfer, or store communications, documents, files, data or other information of or regarding Cross Country, National Recruiting Consultants, Invo Healthcare, or any other staffing or recruitment business, or her employment with or work therefore; or (iii) view or download communications, documents, files, data or other information of or obtained from Cross Country, National Recruiting Consultants, Invo Healthcare, or any other staffing or recruitment business, by virtue of her work for or employment with any of those entities (collectively, the "Inventory Devices").

f.  Defendant Kennyshua Daniels is FURTHER ORDERED to return (i) all

tangible and intangible property of Cross Country, (ii) all communications, documents, files and data that she download, emailed, copied, took, or otherwise has possession, custody or control of, from Cross Country, (iii) all communications, documents, files and data that contain the confidential, proprietary or trade secret information of Cross Country, and (iv) all copies and backups of the foregoing (the "Cross Country Property"), to Plaintiffs' Counsel within three (3) days of the Court's issuance of the Temporary Restraining Order.

g.  Defendant Kennyshua Daniels is FURTHER ORDERED to provide the Inventory Devices, and all necessary information to access the Inventory Devices (e.g., usernames, passwords, two-factor authentication codes) and files and data therein, to Plaintiffs' expert, HOLO Discovery, 3016 W. Charleston Blvd., Suite #170, Las Vegas, Nevada 89102, within five (5) days of the Court's issuance of the Temporary Restraining Order, for forensic imaging, inspection, and analysis to determine whether any confidential, proprietary or trade secret information of Cross Country or third parties who have entrusted such information to Cross Country, was or is present, or is being or has been used.

h.  To the extent not included in the Inventory Devices, Defendant Kennyshua Daniels is FURTHER ORDERED to provide all necessary information to access the Google accounts (e.g., Gmail, Google Drive, Calendar) for kennyshua.daniels@gmail.com, kennyshua.recruiter@gmail.com, kennyshua.notary@gmail.com, kennyshua.hale@gmail.com, and halekenny255@gmail.com, to Plaintiffs' expert, HOLO Discovery, 3016 W. Charleston Blvd., Suite #170, Las Vegas, Nevada 89102, within five (5) days of the Court's issuance of the Temporary Restraining Order, for forensic imaging, inspection, and analysis to determine whether any confidential, proprietary or trade secret information of Cross Country or third parties who have entrusted such information to Cross Country, was or is present, or is being or has been

used.

     i.   Defendant Kennyshua Daniels, and those persons set forth in FRCP 65(d)(2), are ENJOINED from directly or indirectly, accessing, modifying, using, impairing, deleting, or destroying, or attempting to do any of the foregoing, or aiding or acquiescing in any other person or entity doing any of the foregoing, any of the Cross Country Property, Inventory Devices, or information, files or data contained therein, without the Court's or Plaintiffs' prior express written permission.

     j.   Defendant Kennyshua Daniels, and those persons and entities set forth in FRCP 65(d)(2), is FURTHER ORDERED to preserve all information and evidence in her possession, custody or control that may be relevant to the claims, defenses, and events at issue in this litigation, including without limitation, all documents, communications, files, and electronically stored information, in whatever form, from January 3, 2022 to the present, regarding: (i) her employment with or work for Cross Country, National Recruiting Consultants, Invo Healthcare, or any other staffing or recruitment business, (ii) her communications, interactions, and dealings with any of Cross Country's candidates, clients, vendors, or suppliers; (iii) her communications, interactions, and dealings with any of Cross Country's current and former employees or contractors regarding the modification or termination of their employment with Cross Country, or becoming employed by or providing services to any other person or entity than Cross Country; (iv) Daniels's acquisition, disclosure, use or possession of any of Cross Country's confidential and/or proprietary information or trade secrets.

12.    The Parties agree that Plaintiffs do not need to post a bond to secure the Temporary Restraining Order. However, if the Court disagrees and determines that Plaintiffs should post a bond, the Parties agree that the sum of $1,000 is a sufficient amount for the bond.

13.    The Parties further agree that the Temporary Restraining Order shall remain in effect until the Court rules on Plaintiff's Motion for Preliminary Injunction (ECF No. 6), the Court orders

otherwise, or the Parties' otherwise stipulate subject to the Court's approval.

**C.  Plaintiff's Motion for Preliminary Injunction (ECF No. 6)**

14.     Defendant is agreeing to the stipulated temporary restraining order discussed above in order to facilitate the early resolution of this case. In doing so, Defendant reserves the right to contest whether a preliminary injunction should be entered against her for the duration of the case, should settlement not be reached.

15.     To ensure the discovery process and settlement efforts outlined in this Stipulation proceed in a timely manner, the Parties agree that deadlines should be established for Plaintiffs to supplement their Motion for Preliminary Injunction with any additional relevant evidence obtained during expedited discovery, Defendant's response to Plaintiffs' Motion for Preliminary Injunction, and Plaintiffs' reply in support thereof.

16.     As such, the Parties agree that:

        a.   Plaintiff shall file any supplement to its Motion for Preliminary Injunction by July 19, 2024.

        b.   Defendant's response to Plaintiff's Motion for Preliminary Injunction (and any supplement thereto), if any, shall be due by August 2, 2024.

        c.   Plaintiff's reply in support of its Motion for Preliminary Injunction (and any supplement thereto), if any, shall be due on August 16, 2024.

17.     Plaintiffs have requested a hearing on its Motion for Preliminary Injunction. However, the Parties reserve the right to address in their briefing whether they believe a hearing is necessary following expedited discovery.

**D.  Plaintiff's Motion to Conduct Early, Expedited Discovery (ECF No. 9)**

18.     Defendant does not oppose Plaintiffs' Motion to Conduct Early, Expedited Discovery and consent to granting of the Motion.

19.     A discovery plan and scheduling order has not yet been entered in this case.

20.     The Parties agree that early, expedited discovery is necessary for the Parties settlement efforts and responses regarding Plaintiffs' Motion for Preliminary Injunction to assess, among other things, the extent that Defendant has misappropriated confidential information and

trade secrets, if any; Defendant's compliance with and/or breach of, if any, the Employment Agreement; and the harm resulting therefrom.

21. Plaintiffs shall be permitted to serve up to 15 interrogatories, 15 requests for production and 15 requests for admission upon Defendant in accordance with the Federal Rules of Civil Procedure. Defendants shall respond to Plaintiffs' written discovery within ten (10) days after service of any such discovery request.

22. Plaintiffs shall be permitted to take the deposition of Defendant in accordance with the Federal Rules of Civil Procedure.

23. Early, expedited discovery shall be completed by July 3, 2024.

**E. Plaintiff's Motion to Establish Expedited Briefing Schedule and Decision of Plaintiff's Motion to Conduct Early, Expedited Discovery (ECF No. 10)**

24. In light of the stipulations and agreements reached herein, the Parties agree that Plaintiff's Motion to Establish Expedited Briefing Schedule and Decision of Plaintiff's Motion to Conduct Early, Expedited Discovery (ECF No. 9) is moot.

Dated this 26th day of April, 2024.

JACKSON LEWIS P.C.

/s/ Joshua A. Sliker
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
CAYLA A. WITTY, ESQ.
Nevada Bar No. 12897
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101

*Attorneys for Plaintiffs*

JESSE SBAIH & ASSOCIATES LTD.

/s/ Jesse M. Sbaih
JESSE M. SBAIH, ESQ.
Nevada Bar No. 7898
170 S. Green Valley Parkway
Suite 280
Henderson, Nevada 89012

*Attorneys for Defendant*

**ORDER**

IT IS SO ORDERED:

_____
United States District Court Judge

Dated: April 30, 2024
_____

Sliker, Joshua A. (Las Vegas) <Joshua.Sliker@jacksonlewis.com>

Thu 4/25/2024 8:35 PM

To:jsbaih sbaihlaw.com <jsbaih@sbaihlaw.com>;iolevic sbaihlaw.com <iolevic@sbaihlaw.com>

Cc:Chandler, Kelley (Las Vegas) <Kelley.Chandler@jacksonlewis.com>;Witty, Cayla J. (Las Vegas) <Cayla.Witty@jacksonlewis.com>;jdavidson sbaihlaw.com <jdavidson@sbaihlaw.com>

📎 1 attachments (52 KB)

Stipulation and Order re Temporary Restraining Order.docx;

Hi Jesse,

You have permission to affix my e-signature to the stipulation. ████████████████████
████████████████████████████████████████████████████████

Thanks.

Josh



**Joshua A. Sliker** (Josh | He/Him)

**Attorney at Law**

**Jackson Lewis P.C.**
300 S. Fourth Street
Suite 900
Las Vegas, NV 89101
Direct: (702) 921-2486 | Main: (702) 921-2460
Joshua.Sliker@Jacksonlewis.com | www.jacksonlewis.com

---

**From:** jsbaih sbaihlaw.com <jsbaih@sbaihlaw.com>
**Sent:** Thursday, April 25, 2024 6:36 PM
**To:** iolevic sbaihlaw.com <iolevic@sbaihlaw.com>; Chandler, Kelley (Las Vegas) <Kelley.Chandler@jacksonlewis.com>; Witty, Cayla J. (Las Vegas) <Cayla.Witty@jacksonlewis.com>; jdavidson sbaihlaw.com <jdavidson@sbaihlaw.com>
**Subject:** Re: Cross Country Staffing, Inc. v. Kennyshua Daniels

Josh...I hope all is well.  Please advise is we have your consent to affix your e-signature on the SAO to extend the briefing deadlines.  As you know, the deadline for our opposition is tomorrow, 4/26/24.

I look forward to your prompt response.

Best regards,

Jesse M. Sbaih, Esq.

Sent from my iPhone

> On Apr 24, 2024, at 10:55 PM, iolevic sbaihlaw.com <iolevic@sbaihlaw.com> wrote:
>
> Joshua,
>
> I hope all is well.  Attached is the proposed SAO to extend briefing deadlines for various motions.  Please advise whether any changes are needed or if we can add your signature and submit to the Judge for signature.  Thank you.
>
> Best regards,
>
> Ines Olevic-Saleh, Esq.
> *JESSE SBAIH & ASSOCIATES, LTD.*
> *The District at Green Valley Ranch*
> *170 South Green Valley Parkway, Suite 280*
> *Henderson, Nevada 89012*
> *Tel: (702) 896-2529*
> *Fax: (702) 896-0529*
>
> The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (702) 896-2529 and return the original message to us at jsbaih@sbaihlaw.com.

---

**From:** jsbaih sbaihlaw.com <jsbaih@sbaihlaw.com>
**Sent:** Tuesday, April 23, 2024 8:28 PM
**To:** Sliker, Joshua A. (Las Vegas) <Joshua.Sliker@jacksonlewis.com>
**Cc:** Chandler, Kelley (Las Vegas) <Kelley.Chandler@jacksonlewis.com>; Witty, Cayla J. (Las Vegas) <Cayla.Witty@jacksonlewis.com>; iolevic sbaihlaw.com